IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GEORGE RHOADES,
ADC#100683, et al.                                                                                    PLAINTIFFS

v.                                               5:09CV00022SWW/HLJ

LARRY NORRIS, et al.                                                                               DEFENDANTS

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District
     Judge (if such a hearing is granted) was not offered at the
     hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the
     hearing before the District Judge in the form of an offer of

> proof, and a copy, or the original, of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  Introduction/Facts

This matter is before the Court on defendants' motion for judgment on the pleadings (DE #24). Plaintiffs have filed a response in opposition to the motion (DE #29).

Plaintiffs Rhoades, Sheridan and Weaver are state inmates incarcerated at the Maximum Security Unit of the Arkansas Department of Correction (ADC).  They filed this action against defendants pursuant to 42 U.S.C. § 1983, alleging due process and equal protection violations in connection with their removal from their prison jobs, transfer to a higher security Unit, and placement in punitive isolation and administrative segregation during an investigation into possible inmate illegal activity.  Plaintiffs ask for monetary and injunctive relief from the defendants.

According to the plaintiffs' complaint, all three plaintiffs were Class 1 and were employed in clerical-type jobs at the Tucker Unit of the ADC in January, 2007.  However, they were removed from their jobs and transferred to the Maximum Security Unit on January 24, 2007, where they were placed in punitive isolation for approximately fifteen days.  During that time, plaintiffs allege they were

deprived of their property and privileges. On February 7, 2007, plaintiffs state they were transferred to the administrative segregation area of the Unit where they remained for approximately ten months. During that time, plaintiffs were not permitted contact visitation, outside exercise, or religious activities. They also were not charged with rule violations and in October, 2007, were transferred back to general population and assigned to field utility jobs. Plaintiff Weaver alleges that a personal photo album which defendants confiscated from him at the time of his transfer was never returned to him. Plaintiffs state their placement in punitive isolation and administrative segregation without being charged with any rule violations violated their due process rights. In addition, plaintiffs state that two other inmates who were also placed in segregation during the investigation, were released from the investigation and returned to their original Unit, along with their property. Finally, plaintiffs state defendants violated their rights by not restoring them to their previous clerical jobs.

## II. Motion for Judgment on the Pleadings

A.  Defendant's Motion

In support of their motion, defendants state plaintiffs do not have a constitutional right to a particular job while in prison, nor do they have the right to be housed in a particular Unit. Defendants state plaintiffs were among fifteen inmates transferred during an investigation into illegal trafficking in computers and using them to produce illegal copies of movies, music, and games. Defendants cite Sandin v. Conner, 515 U.S. 472, 483 (1995), where the Court held that confinement in administrative segregation is not a violation of Due Process unless it imposes an "atypical and significant" hardship on the inmate "in relation to the ordinary incidents of prison life."    In determining whether the confinement is atypical and significant, defendants state the Sandin Court considered the effect of restrictions, the extent to which conditions differ, and the length of the confinement in ad seg. Defendants also cite several other cases holding that various lengths of confinement, minus privileges,

were not atypical and significant hardships.   See Phillips v. Norris, 320 F.3d 844 (8th Cir. 2003), Portley-El v. Brill, 288 F.3d 1063 (8th Cir. 2002), and Freitas v. Ault, 109 F.3d 1335 (8th Cir. 1997).

With respect to plaintiffs' equal protection claims, defendants also state they fail to allege a constitutional violation, since such applies only if "similarly situated classes of inmates are treated differently, and that this difference in treatment bears no rational relation to any legitimate penal interest," citing Weiler v. Purkett, 137 F.3d 1047, 1051 (8th Cir. 1998).  In this particular case, defendants state plaintiffs do not allege facts showing they were treated different because they belong to a protected class, and therefore, fail to state a claim for equal protection.

B.  Plaintiffs' Response

In  response, plaintiffs state they were transferred without explanation and that their initial placement in punitive isolation placed them in punitive conditions.  Plaintiffs state they appeared before the classification committee only one time, for an annual review, and that this violated ADC regulations.  Plaintiffs deny making illegal copies of music and movies and state two other inmates who were found with contraband were released early.  Plaintiffs state they suffered a loss of contact visits, exercise, chapel rights and the benefit of programs and educational benefits.  They also state they received less food to eat and were placed in unsanitary conditions.  Finally, plaintiffs state the personal property initially confiscated from them has not been returned.

C.  Standard of Review

The applicable standard of review on a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) is the same as that on a motion to dismiss under Fed.R.Civ.P. 12(b)(6).  See Shaw v. Rolex Watch U.S.A., Inc., 745 F.Supp. 982, 984 (S.D.N.Y.1990), citing 5A C. Wright & A. Miller, Federal Practice and Procedure § 1367, at p. 518-19 (2d ed. 1990). That is, "the court should not dismiss the complaint pursuant to Rule 12(b)(6) unless it appears 'beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief' " Goldman v. Belden, 754 F.2d 1059, 1065 (2d Cir.1985), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  In addition, such a motion is addressed solely to the face of a pleading, and "[t]he court's function ... is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient,"  Goldman, supra, 754 F.2d at 1067.  In assessing the sufficiency of a pleading on a motion to dismiss, it is well settled that the court must, of course, accept the allegations of the complaint as true, and draw all reasonable inferences favorably to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

D.  Analysis

In Sandin v. Connor, supra,  the Court held that inmates do not possess a due process liberty interest in freedom from administrative or punitive segregation.  Recognizing, however, that states may themselves create certain protected  liberty interests, the Court noted that those would be "limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause...imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  515 U.S. at 483.  Following Sandin, the Eighth Circuit Court of Appeals held in Kennedy v. Blankenship, 100 F.3d 640, 642 (1996), that the plaintiff's demotion from administrative segregation to punitive isolation was "not the sort of deprivation that qualifies as 'atypical and significant.'"   Furthermore, in Phillips v. Norris, supra, the Court stated, "We have consistently held that a demotion to segregation, even without cause,  is not itself an atypical and significant hardship." 320 F.3d at 847.

In Phillips, the Court held that the absence of contact visitation, exercise privileges, and chapel rights for thirty-seven days did not constitute an atypical and significant hardship.  In

addition, in Griffin v. Vaughn, 112 F.3d 701, (3d Cir. 1997), the Court held that administrative confinement for fifteen months did not impose an atypical and significant hardship. Finally, in Jones v. Baker, 155 F.3d 810 (6th Cir. 1998), the Court held that administrative segregation confinement for two and one-half years was not atypical and significant. See also Carrera v. Nebraska Department of Correctional Services, 2005 WL 2042305 (D.Neb. 2005).

In addition, there is no constitutional right to a particular job in prison [Flittie v. Solem, 827 F.3d 276 (8th Cir. 1987)], and there is no constitutional right to be housed in a particular Unit [Moorman v. Thalacker, 83 F.3d 970, 973 (8th Cir. 1996)]. Finally, the mere violation of a state law or rule does not constitute a federal due process violation. Williams v. Nix, 1 F.3d. 712, 717 (8th Cir. 1993).

In this case, the Court finds plaintiffs' allegations fail to support constitutional claims of due process and equal protection. Defendants' alleged failure to follow ADC regulations when granting plaintiffs only an annual classification review does not in and of itself violate the Constitution. It is also clear from Sandin and its progeny that placement in administrative segregation for the period of time alleged in plaintiffs' complaint is not considered an atypical or significant hardship. In addition, the plaintiffs do not allege facts to support a finding that the privileges lost were atypical or significant. Plaintiffs do not allege that they were not permitted to exercise or practice their religions within their cells.

With respect to their equal protection claim, the Court finds plaintiffs do not state a claim. Since plaintiffs do not allege that they are members of a protected or suspect class, their claims should be reviewed under the rational basis standard. See Moreland v. United States, 968 F.2d 655, 660 (8th Cir. 1992). Plaintiffs must show that persons similarly situated were treated differently and

that the government failed to provide a rational basis for that treatment. Id. However, in their complaint, plaintiffs allege the following: "7 of the 14 (inmates transferred to ad seg) were picked at random and released from investigation/ad. seg. housing, and returned to their original unit, given back property, privileges, hobby craft, etc. or transferred to other facilities. Plaintiffs were restored nothing." The Court finds these allegations are insufficient to support an equal protection claim.

Finally, plaintiffs' claims that their property was not returned does not state a constitutional claim. A prisoner can not bring a § 1983 due process claim of the intentional or negligent loss of his personal property, so long as the state provides some sort of post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984). Ark. Code Ann. § 19-10-204(a) provides that the Arkansas State Claims Commission is vested with exclusive jurisdiction over all claims against the State of Arkansas and its agencies, department and institutions. See also Williams v. Campbell, 25 Fed.Appx. 477, 479 (8th Cir. 2001). Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motion for judgment on the pleadings (DE #24) is hereby GRANTED, and plaintiffs' claims against them are hereby DISMISSED.

IT IS SO ORDERED this 24th day of June, 2009.

*Henry L. Jones, Jr.*
United States Magistrate Judge